UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK, | ) ) ) | |
| Plaintiff, | ) ) ) | 18 C 6306 |
| vs. | ) ) ) | Judge Gary Feinerman |
| HEALTH CARE SERVICE CORPORATION d/b/a BLUE CROSS BLUE SHIELD OF ILLINOIS, BLUE CROSS BLUE SHIELD OF NEW MEXICO, BLUE CROSS BLUE SHIELD OF OKLAHOMA, and BLUE CROSS BLUE SHIELD OF TEXAS, | ) ) ) ) ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

    This declaratory judgment and breach of contract suit arises out of a Managed Care Organization Errors and Omissions liability insurance policy that Defendant Health Care Service Corporation ("HCSC") purchased from Plaintiff Homeland Insurance Company of New York. Doc. 20 at ¶ 2. The Homeland policy is a second-layer excess policy that provides coverage only when two underlying policies are exhausted: a primary policy issued by Allied World Surplus Lines Insurance Company, and a first-layer excess policy issued by Travelers Excess and Surplus Lines Company. Doc. 1-1 at 918, 924; Doc. 20 at ¶¶ 34, 50, 56.

    HCSC is a defendant in several putative antitrust class actions pending as part of *In re Blue Cross Blue Shield Antitrust Litigation*, No. 2:13-cv-20000-RDP (N.D. Ala.). Doc. 20 at ¶ 2. HCSC tendered the defense to its liability insurers. *Ibid*. A coverage dispute arose, prompting the primary insurer, Allied World, to bring a declaratory judgment suit. *Allied World Surplus Lines Ins. Co. v. Health Care Serv. Corp.*, No. 17 C 2480 (N.D. Ill.). That coverage suit was voluntarily dismissed after HCSC reached a confidential settlement agreement with Allied World

1

and certain of its other insurers, but not with Homeland. Doc. 27-1 at ¶¶ 2-3; *Allied World*, Dkts. 75, 77. During its (unsuccessful) attempt to intervene in the *Allied World* suit, Homeland sought a copy of the settlement agreement, but HCSC refused to produce it, citing its confidentiality provision. *Allied World*, Dkt. 66-1 at ¶¶ 4-5, Dkts. 48, 77. Homeland then brought this suit and again seeks a copy of the settlement agreement from HCSC. HCSC declined to produce the agreement, again citing confidentiality grounds, and Homeland now moves under Civil Rule 37 to compel its production. Doc. 26. The motion is denied.

Rule 26(b)(1) provides that, "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Among the considerations relevant to the scope of discovery are "the importance of the discovery in resolving the issues" in the case and "whether the burden or expense of the proposed discovery outweighs its likely benefit." *Ibid*. "[D]istrict courts have broad discretion in discovery matters … ." *James v. Hyatt Regency Chi.*, 707 F.3d 775, 784 (7th Cir. 2013).

Homeland argues that the settlement agreement is relevant to this suit because, without it, Homeland cannot determine whether the underlying Allied World and Travelers policies were exhausted within the meaning of its second-layer excess policy. Doc. 26-2 at 9-16. Homeland suspects that the agreement "includes payment for non-covered loss" or "otherwise amends" the underlying policies such that those policies may be exhausted in the eyes of the underlying insurers—in that HCSC agreed that Allied World and Travelers have no further obligation to pay under their policies—without being exhausted in the manner required by Homeland's policy. *Id*. at 10. That is, Homeland worries that HCSC will eventually assert that it has exhausted the Allied World and Travelers policies, at which point Homeland will need to know the details of

2

the agreement to determine whether that assertion is true and thus whether it must pay under its second-layer excess policy.

Homeland's concerns, and thus its demand for production of the settlement agreement, are premature. HCSC has not made a claim under the Homeland policy and has not asserted that it has exhausted the underlying Allied World and Travelers policies. Doc. 27 at 7; Doc. 28 at 16. That is because the litigation for which HCSC might ultimately seek coverage from Homeland is still pending and, according to HCSC, its defense expenses "have not approached" the $50 million point at which Homeland's policy would attach. Doc. 27 at 7. Because Homeland's sole theory of relevance is that the settlement agreement may refute HCSC's exhaustion argument or otherwise give rise to a coverage defense, the agreement will not become "relevant to any party's claim or defense," Fed. R. Civ. P. 26(b)(1), unless and until HCSC makes a claim under the Homeland policy and attempts to prove that it exhausted the underlying policies. And because HCSC might never do so, the agreement's relevance is speculative at this point.

Under these circumstances and at this early juncture, mere speculation that the settlement agreement might someday be relevant does not warrant overriding the interests inherent in the settling parties' decision to keep the agreement's terms confidential. As HCSC correctly notes, Doc. 27 at 17-19, the public policy favoring settlements weighs against compelling production of a confidential settlement agreement, particularly where the agreement has little to no relevance to the litigation. *See Malone v. Ameren UE*, 646 F.3d 512, 516 (8th Cir. 2011) (holding that "the district court did not abuse its discretion in concluding that discovery concerning the settlement agreement was not warranted" where the proposed discovery had "limited probative value" and risked "compromis[ing] the confidentiality of the settlement"); *Butta-Brinkman v. FCA Int'l, Ltd.*, 164 F.R.D. 475, 476-77 (N.D. Ill. 1995) (denying a motion to compel production of

3

confidential settlement agreements, reasoning that the public policy favoring settlement makes it inappropriate to compel disclosure except where the information is necessary to the movant's case); *Grove Fresh Distribs., Inc. v. John Labatt Ltd.*, 888 F. Supp. 1427, 1441 (N.D. Ill. 1995) ("[A]bsent special circumstances, a court should honor confidentialities that are bargained-for elements of settlement agreements.") (internal quotation marks omitted), *aff'd*, 134 F.3d 374 (7th Cir. 1998) (unpublished table decision). Additionally, compelling production of the settlement agreement at this point would likely give Homeland an unfair advantage in its own settlement negotiations with HCSC by allowing it to learn what concessions HCSC was willing to make to the settling insurers. Thus, the burdens of compelling production far outweigh the speculative benefits, at least for now.

Homeland argues that a cooperation provision in its policy requires HCSC to produce the settlement agreement. Doc. 26-2 at 18; *see* Doc. 1-1 at 927 ("[Homeland] may, at its sole discretion, elect to associate in the investigation, settlement or defense of any Claim against [HCSC], even if the Underlying Insurance has not been exhausted. If [Homeland] so elects, [HCSC] will cooperate with [Homeland] and *will make available all such information and records as [Homeland] may reasonably require*.") (emphasis altered). Even if Homeland's reading of that provision were correct, Homeland cites no authority for the proposition that a contractual obligation to provide information is a justification for compelling production of that information under Rule 37, thus forfeiting the point. *See M.G. Skinner & Assocs. Ins. Agency v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority."). In any event, a motion to compel is a vehicle for enforcing HCSC's discovery obligations, *see* Fed. R. Civ. P. 37(a), not for adjudicating the merits of Homeland's breach of contract claim and request for

4

specific performance, Doc. 1 at ¶¶ 84-88, 95-101. *See United Disaster Response, LLC v. Omni Pinnacle, LLC*, 2008 WL 11353712, at *5 (E.D. La. Nov. 24, 2008) (holding that a "dispute over [a party's] compliance with its alleged contractual obligations" to "produce documents that, by the terms of the contract, belong to" the movant "cannot be resolved in [a] motion to compel").

Homeland's motion to compel is therefore denied. The denial is without prejudice to renewal in the event HCSC makes a claim under the Homeland policy and asserts that it has exhausted the underlying policies. In this regard, it bears mention the parties agreed at oral argument that HCSC has the burden to prove exhaustion if it makes a claim under the Homeland policy. Doc. 33. Thus, if Homeland is correct that the exhaustion question cannot be answered without knowing what the settlement agreement provides, HCSC bears the risk of losing this case if it insists on keeping the agreement's contents secret.

April 3, 2019                                           _____
                                                         United States District Judge