**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **HOMELAND INSURANCE COMPANY OF NEW YORK,** | |
| **Plaintiff,** | |
| **v.** | |
| | Case No. 1:18-CV-06306 |
| **HEALTH CARE SERVICE CORPORATION,** *D/B/A* **BLUE CROSS BLUE SHIELD OF ILLINOIS, BLUE CROSS BLUE SHIELD OF NEW MEXICO, BLUE CROSS BLUE SHIELD OF OKLAHOMA, AND BLUE CROSS BLUE SHIELD OF TEXAS,** | Hon. Gary Feinerman |
| **Defendant.** | |

**AGREED CONFIDENTIALITY ORDER**

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1.    **Scope**.  All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning "Confidential" information, "Confidential-Attorneys' Eyes Only" information, and "Confidential-Outside Counsel Only" information, as defined below (collectively, "Confidential Materials").  Discovery in this action may involve the production of documents containing trade secrets, confidential business, commercial or financial information, and other information deemed confidential or protected pursuant to federal or state statute, administrative order, or court order, including but not limited to Confidential Health Information

(as defined below) and other documents or information designated confidential pursuant to protective orders in the cases *In re Blue Cross Blue Shield Antitrust Litigation*, Master File No. 2:13-cv-20000-RDP (N.D. Ala.) (the "Underlying Litigation") and/or *Love v. Blue Cross Blue Shield Assoc.*, Case No. 03-cv-21296 (S.D. Fla.) (the "Love Action") and discovery in this action may otherwise require disclosure of such information. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.      **"Confidential" Information**. As used in this Order, "Confidential" information means information designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories:

(a)      information prohibited from disclosure by statute;

(b)      information that reveals trade secrets;

(c)      research, technical, commercial or financial information that the party has maintained as confidential;

(d)      medical information concerning any individual ("Confidential Health Information"), including but not limited to "Protected Health Information" as that term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45 CFR parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 (*see* 45 C.F.R.§ § 164.501 and 160.103);

(e)      personal identity information;

(f)      income tax returns (including attached schedules and forms), W-2 forms and 1099 forms;

(g)     personnel or employment records of a person who is not a party to the case;

(h)     any document, transcript of witness testimony, or information in any form designated or marked "Confidential" by a party or third-party to the case of *In re Blue Cross Blue Shield Antitrust Litigation*, Master File No. 2:13-cv-20000-RDP (N.D. Ala.) (the "Underlying Litigation") but who is not a party to this case (a "Non-Party Designating Entity") and who made such Confidential designations pursuant to any protective order issued in the Underlying Litigation shall be treated as "Confidential" information for purposes of this Order and such information shall not be disclosed except as in accordance with paragraph 12(b), below; or

(i)     any document, transcript of witness testimony, or information in any form designated or marked "Confidential" by a party or third-party to the case of *Love v. Blue Cross Blue Shield Assoc.*, Case No. 03-cv-21296 (S.D. Fla.) (the "Love Action") but who is not a party to this case (a "Non-Party Designating Entity") and who made such Confidential designations pursuant to any protective order entered in the Love Action shall be treated as "Confidential" information for purposes of this Order and shall not be disclosed except as in accordance with paragraph 12(b), below.

3.     Any "Confidential" information produced subject to this Order shall bear the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

4.     **"Confidential-Attorneys' Eyes Only" Information**.  As used in this Order, "Confidential-Attorneys' Eyes Only" information means:

(a)  any information in any form designated or marked as "Confidential-Attorneys' Eyes Only" by any Non-Party Designating Entity under any protective order issued in the Underlying Litigation shall be treated as "Confidential-Attorneys' Eyes Only" information for purposes of this Order and shall not be disclosed except as set forth in paragraph 12(c), below.

(1)  The Non-Party Designating Entities in the Underlying Litigation have designated in good faith information as "Confidential-Attorneys' Eyes Only" information that is of such commercially or competitively sensitive nature that disclosure to persons others than those identified in the relevant order could reasonably be expected to result in injury.

5.     Any "Confidential-Attorneys' Eyes Only" information produced subject to this Order shall bear the designation "CONFIDENTIAL-ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER."

6.     **"Confidential-Outside Counsel Only" Information.**  As used in this Order, "Confidential-Outside Counsel Only" information means:

(a)  any information in any form designated or marked as "Confidential-Outside Counsel Only" by any Non-Party Designating Entity under any protective order issued in the Underlying Litigation shall be treated as "Confidential-Outside Counsel Only" information for purposes of this Order and shall not be disclosed except as set forth in paragraph 12(d), below.

(1) The Non-Party Designating Entities in the Underlying Litigation have designated in good faith information as "Confidential-Outside Counsel Only" information that is of such commercially or competitively sensitive nature that disclosure to persons others than those identified in the relevant order could reasonably be expected to result in injury.

(b) any information in any form designated or marked as "Highly Confidential" by any Non-Party Designating Entity under any protective order issued in the Love Action shall be treated as "Confidential-Outside Counsel Only" information for purposes of this Order and shall not be disclosed except as set forth in paragraph 12(d), below.

(1) The Non-Party Designating Entities in the Love Action have designated in good faith information as "Highly Confidential" information which they reasonably believe to be so economically or competitively sensitive that: (i) it is the subject of reasonable efforts under the circumstances to maintain its secrecy; (ii) it is sufficiently valuable and secret to afford a potential or actual advantage over others; and (iii) its disclosure to existing or potential business competitors, existing or potential contracting providers, medical associations or societies, health care vendors servicing the managed care industry, or any person regularly employed or engaged by such entities would materially affect or threaten injury to the business, commercial, or financial interests of

such party or third party.

7.      Any "Confidential-Outside Counsel Only" information produced subject to this Order shall bear the designation "CONFIDENTIAL-OUTSIDE COUNSEL ONLY – SUBJECT TO PROTECTIVE ORDER."

8.      Nothing in this Order shall (1) supersede, diminish or waive any protection applicable to information produced in the Underlying Litigation or the Love Action that is subject to any protective order issued in those matters; or (2) constitute a waiver by any party to this dispute of any objection or position as to the production or introduction into evidence of information from the Underlying Litigation or the Love Action in this matter.

9.      Information or documents that are available to the public may not be designated as Confidential Materials.

10.      Designation.

      (a)      A party may identify a document as Confidential Material for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," "CONFIDENTIAL-ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER," or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY – SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Material. The markings "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER,"

"CONFIDENTIAL-ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER," or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY – SUBJECT TO PROTECTIVE ORDER," shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," "CONFIDENTIAL-ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER," or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY – SUBJECT TO PROTECTIVE ORDER "to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," "CONFIDENTIAL-ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER," or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY – SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Materials are not required to be marked.

(b)     The designation of a document as Confidential Material is a good faith certification by an attorney or a party appearing pro se that the document contains "Confidential" information, "Confidential-

- 7 -

Attorneys' Eyes Only" information, or "Confidential-Outside Counsel Only" information as defined in this Order.[1]

11.     Depositions.

Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as "Confidential" information until the expiration of the following: No later than the fourteenth day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given, within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated "Confidential" information, "Confidential-Attorneys' Eyes Only" information, or "Confidential-Outside Counsel Only" information and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Material, unless otherwise ordered by the Court.

12.     Protection of Confidential Materials.

(a)     General Protections. Confidential Materials shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

---

[1] An attorney who reviews the documents and designates them as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," "CONFIDENTIAL-ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER," or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY – SUBJECT TO PROTECTIVE ORDER" must be admitted to the Bar of at least one state but need not be admitted to practice in the Northern District of Illinois unless the lawyer is appearing generally in the case on behalf of a party. By designating documents confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

(b)     Limited Disclosure of "Confidential" Information. The parties and counsel for the parties shall not disclose or permit the disclosure of any "Confidential" information to any person or entity except as set forth in subparagraphs (1)-(11).     Subject to these requirements, the following categories of persons may be allowed to review "Confidential" information:

1.   In-house Counsel.  In-house counsel for any Party engaged in this litigation and the employees and personnel who work with such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

2.   Outside Counsel.  Outside counsel for any Party engaged in this litigation and the employees and personnel who work with such attorneys to whom it is necessary that the material be shown for purposes of this Proceeding;

3.   Parties.  Any individual Party, as well as employees or former employees of a corporate Party engaged in assisting that Party's attorneys in the conduct of this Proceeding, or a member of a putative Class who is a client of and actively engaged in assisting Plaintiffs' counsel, to the extent reasonably necessary to enable the attorneys for that Party or client to render professional services in the Proceeding. Confidential Materials will not be disclosed to a former employee until that employee has signed and delivered to

counsel for the Party that is the former employer a statement in the form annexed hereto as Attachment A. Confidential Materials will not be disclosed to an individual member of a putative Class or an individual representative of any corporate entity that is a member of a putative Class until that person has signed and delivered to counsel for the Plaintiffs a statement in the form annexed hereto as Attachment A.

4. An "Independent Expert," after such Independent Expert has signed and delivered to counsel for the Party who provided the Confidential Material to the Independent Expert a statement in the form annexed hereto as Attachment B. An Independent Expert means an individual expert and/or individual independent consultant retained or employed to advise or assist counsel in prosecuting or defending claims between the Parties. Any person who is currently an employee of a Party or any non-Party entity that is a provider of healthcare financing administration or insurance cannot be retained as an Independent Expert or continue to serve as an Independent Expert. In addition, an Independent Expert cannot, during the course of this litigation, (a) be involved in or provide advice concerning negotiations of a contract related to reimbursement for

healthcare services between any hospital or healthcare system and a Defendant opposite a Party whose Confidential Information the Independent Expert has reviewed, and which information is likely to provide an identifiable strategic advantage in contract negotiations, or (b) provide advice concerning product design, pricing and market penetration for any non-Party provider of healthcare financing administration or insurance; provided that these limitations on who can serve as an Independent Expert do not apply (i) to a person who is a consultant or independent contractor only in connection with litigation, disputes that may result in litigation, or matters that may involve government agencies; or (ii) to a person as to whom all Defendants agree to such retention.

To the extent that an expert serving as an Independent Expert during the course of this litigation ceases to meet the criteria for Independent Experts set forth in this paragraph, the expert can no longer serve in the capacity of an Independent Expert retained or employed to advise or assist counsel in prosecuting or defending claims between the Parties. Any person who was entitled to view Confidential Materials solely as an Independent Expert, notwithstanding the fact that he or she is no longer serving

as an Independent Expert in this litigation, is still bound by the provisions (a) and (b) in paragraph 12(b)(4) until the conclusion of this proceeding, or until four years after the Expert has last reviewed Confidential Materials, whichever is earlier. An Independent Expert, or a Party acting on his or her behalf, may seek relief from the court (or the Magistrate or Special Master if so Ordered) from the provisions (a) and (b) of paragraph 12(b)(4) at any time. In addition, before showing an Independent Expert certain Confidential Materials, a Party may seek a ruling that the specific Confidential Materials may be reviewed by the Independent Expert without making the Independent Expert in violation of the restrictions contained in provisions (a) and (b) of paragraph 12(b)(4). A Party is entitled to seek this relief from the court without disclosing the identity of the Independent Expert to the Opposing Party(ies). The request should identify the specific Confidential Materials proposed to be reviewed and provide reasonable specificity about the role and expertise of the Independent Expert with respect to the limitations provided in provisions (a) and (b) of paragraph 12(b)(4). All Parties will have the opportunity to oppose such a request; however, they will not be entitled to learn information about the identity of the Independent

Expert prior to disclosure of such expert pursuant to the Federal Rules of Civil Procedure. The court or its appointed representative, if necessary to the disposition, may ask for, or receive, information about the proposed Independent Expert's identity *in camera*.

5. A Party's outside service-providers and consultants regarding document and ESI processing, hosting, review, and production, which includes any e-Discovery consultants and trial consultants provided such persons have signed and delivered to counsel for the Party retaining the outside service-provider a statement in the form annexed hereto as Attachment A.

6. A deponent who is the author, bona fide recipient, or is reasonably expected to possess knowledge of the information discussed in the document, but only in connection with the preparation for or during the course of a noticed deposition in this matter, and provided that the deponent has executed an appropriate agreement to be bound by this Order. A deponent, by virtue of that status alone, shall not be entitled to access or view any Confidential Material that they cannot otherwise access or view under the other provisions of this Order. Witnesses shall not retain a copy of documents containing

Confidential Material, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Material pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

7. The Court and its personnel;

8. Mediator(s);

9. Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

10. The Parties' respective excess insurers and reinsurers, subject to the provisions of this Confidentiality Order; and

11. Others by Consent. Other persons only by written consent of the producing party, Non-Party Designating Entity or upon order of the Court and on such conditions as may be agreed or ordered.

(c) Limited Disclosure of "Confidential-Attorneys' Eyes Only" Information. "Confidential-Attorneys' Eyes Only" information shall only be disclosed to those persons identified in paragraphs 12(b)(1), 12(b)(2), 12(b)(4)-(b)(9), and 12(b)(11), above.

(d) Limited Disclosure of "Confidential-Outside Counsel Only" Information.

"Confidential-Outside Counsel Only" information shall only be disclosed to those persons identified in paragraphs 12(b)(2), 12(b)(4)-(b)(9), and 12(b)(11). Nevertheless, upon a request from any Party, a designating Party may, at its own discretion, agree in writing to disclose or show its own designated "Confidential-Outside Counsel Only" information to the persons listed in paragraph 12(b).

(e)     Control of Documents. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Material. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

13.     Inadvertent Failure to Designate. An inadvertent failure to designate a document as "Confidential" information, "Confidential-Attorneys' Eyes Only" information, or "Confidential-Outside Counsel Only" information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as "Confidential" information, "Confidential-Attorneys' Eyes Only" information, or "Confidential-Outside Counsel Only" information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Material, even where the failure to so designate was inadvertent and where the

material is subsequently designated "Confidential" information, "Confidential-Attorneys' Eyes Only" information, or "Confidential-Outside Counsel Only" information.

14. Filing of Confidential Materials. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Material in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

15. No Greater Protection of Specific Documents. Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

16. Challenges by a Party to Designation as Confidential Material. The designation of any material or document as Confidential Material is subject to challenge by any party. The following procedure shall apply to any such challenge.

    (a) Meet and Confer. A party challenging the designation of Confidential Material must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

    (b) Judicial Intervention. A party that elects to challenge a confidentiality

designation may file and serve a motion that identifies the challenged

material and sets forth in detail the basis for the challenge. Each such

motion must be accompanied by a competent declaration that affirms

that the movant has complied with the meet and confer requirements

of this procedure. The burden of persuasion in any such challenge

proceeding shall be on the designating party. Until the Court rules on

the challenge, all parties shall continue to treat the materials as

originally designated under the terms of this Order.

17.     Action by the Court. Applications to the Court for an order relating to materials or

documents designated "Confidential" information, "Confidential-Attorneys' Eyes Only"

information, or "Confidential-Outside Counsel Only" information   shall be by motion. Nothing

in this Order or any action or agreement of a party under this Order limits the Court's power to

make orders concerning the disclosure of documents produced in discovery or at trial.

18.     Use of Confidential Material at Trial. Nothing in this Order shall be construed to

affect the use of any document, material, or information at any trial or hearing. A party that

intends to present or that anticipates that another party may present Confidential Material at a

hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a

pretrial memorandum without disclosing the Confidential Material. The Court may thereafter

make such orders as are necessary to govern the use of such documents or information at trial.

19.     Confidential Material Subpoenaed or Ordered Produced in Other Litigation.

(a)     If a receiving party is served with a subpoena or an order issued in

other litigation that would compel disclosure of any material or

document designated in this action as "Confidential" information,

- 17 -

"Confidential-Attorneys' Eyes Only" information, or "Confidential-Outside Counsel Only" information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b)    The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)    The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Material in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Material, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Material by the other party to this case.

20.    Pursuant to Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure

26(b)(5)(B), the production of any document, material, or other information during discovery in this action that a party later claims should not have been produced because of a privilege or other immunity from discovery, including but not limited to the attorney-client privilege, work product doctrine protection, joint defense privilege or protection, will not be deemed to waive any such privilege.  A party or non-party may request the return of any such document, material, or other information by identifying the document produced and stating the basis for withholding such document from production.  If a party requests the return, pursuant to this paragraph, of any such produced privileged document then in the custody of another party, the possessing party shall within five (5) days return to the requesting party the privileged item (including all attachments to that item) in its entirety (and all copies thereof), and shall expunge from any other document any portions which contain or reflect the contents of the produced privileged item.  The party returning such item may then move the Court for an order compelling production of the material, but said party shall not assert as a ground for entering such an order the fact (or circumstances) of the production.

21.    Challenges by Members of the Public to Sealing Orders.  A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

22.    Obligations on Conclusion of Litigation.

(a)    Order Continues in Force.  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)    Obligations at Conclusion of Litigation.  Within sixty-three days after

dismissal or entry of final judgment not subject to further appeal, all Confidential Material and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," "CONFIDENTIAL-ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER," or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY – SUBJECT TO PROTECTIVE ORDER" under this Order, including copies, shall be returned to the producing party or destroyed in accordance with the party's standard record destruction procedures in lieu of return, subject to any applicable litigation hold or any other document or information hold imposed by any governmental body or court order.

(c)     Retention of Work Product and one set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Material so long as that work product does not duplicate verbatim substantial portions of Confidential Material, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Material shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Material.

(d)     Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System. Filings under seal shall be deleted from the ECF system only upon order of the Court.

23. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

24. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated "Confidential" information, "Confidential-Attorneys' Eyes Only" information, or "Confidential-Outside Counsel Only" information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

25. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

So Ordered.

Dated:     4/11/2019

_____
U.S. District Judge
U.S. Magistrate Judge

## ATTACHMENT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **HOMELAND INSURANCE COMPANY OF NEW YORK,** | |
| **Plaintiff,** | |
| **v.** | Case No. 1:18-CV-06306 |
| **HEALTH CARE SERVICE CORPORATION,** *D/B/A* **BLUE CROSS BLUE SHIELD OF ILLINOIS, BLUE CROSS BLUE SHIELD OF NEW MEXICO, BLUE CROSS BLUE SHIELD OF OKLAHOMA, AND BLUE CROSS BLUE SHIELD OF TEXAS,** | |
| **Defendant.** | |

### UNDERTAKING OF _____

I, *[insert person's name],* state the following under penalties of perjury as provided by law:

I have been retained by _____ in connection with this case. I will be receiving Confidential Material that is covered by the AGREED CONFIDENTIALITY ORDER (the "Order") dated _____. I have read the Order and understand that the Confidential Material is provided pursuant to the terms and conditions therein.

I agree to be bound by the Order. I agree to use the Confidential Material solely for purposes of this case. I understand that neither the Confidential Material nor any notes concerning that information may be disclosed to anyone that is not bound by the Order. I agree to return the Confidential Material and any notes concerning that information to the attorney for

- 22 -

_____ or to destroy the information and any notes at that attorney's request.

I submit to the jurisdiction of the Court that issued the Order for purposes of enforcing that Order. I hereby release any objections I might have to that Court's jurisdiction over me or to the propriety of venue in that Court.

[signature]

_____

Subscribed and sworn to

before me this day

of_____ 20_____.

Notary Public

**ATTACHMENT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **HOMELAND INSURANCE COMPANY OF NEW YORK,** | |
| **Plaintiff,** | |
| **v.** | Case No. 1:18-CV-06306 |
| **HEALTH CARE SERVICE CORPORATION,** *D/B/A* **BLUE CROSS BLUE SHIELD OF ILLINOIS, BLUE CROSS BLUE SHIELD OF NEW MEXICO, BLUE CROSS BLUE SHIELD OF OKLAHOMA, AND BLUE CROSS BLUE SHIELD OF TEXAS,** | |
| **Defendant.** | |

**UNDERTAKING OF INDEPENDENT EXPERT** _____

I, *[insert person's name],* state the following under penalties of perjury as provided by law:

I have been retained by _____ in connection with this case. I will be receiving Confidential Material that is covered by the AGREED CONFIDENTIALITY ORDER (the "Order") dated _____. I have read the Order and understand that the Confidential Material is provided pursuant to the terms and conditions therein.

I agree to be bound by the Order. I agree to use the Confidential Material solely for purposes of this case. I understand that neither the Confidential Material nor any notes concerning that information may be disclosed to anyone that is not bound by the Order. I agree to return the Confidential Material and any notes concerning that information to the attorney for

_____ or to destroy the information and any notes at that attorney's request.

I will not use any Confidential Material or any information or knowledge derived from Confidential Information for any purpose unrelated to this Litigation, including, but not limited to, assisting any entity in any way in connection with any commercial or business endeavor, relationship or negotiation with any of the Defendants at any time or in connection with assisting any person or entity that seeks to compete with any Defendant in any market.

I have not been determined by a court or other competent tribunal to have violated the terms of a protective order in any other litigation.

I submit to the jurisdiction of the Court that issued the Order for purposes of enforcing that Order. I hereby release any objections I might have to that Court's jurisdiction over me or to the propriety of venue in that Court.

[signature]

_____

Subscribed and sworn to

before me thisday

of_____ 20____.

Notary Public