UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK, | ) ) ) | |
| | ) | 18 C 6306 |
| Plaintiff, | ) ) | Judge Gary Feinerman |
| vs. | ) ) | |
| HEALTH CARE SERVICE CORPORATION, | ) ) | |
| Defendant. | ) | |

### ORDER

Plaintiff's motion [221] to deny or defer consideration of Defendant's motion for partial summary judgment on exhaustion [181] is denied for the reasons set forth below. Plaintiff shall respond to Defendant's motion [181] by 3/21/2022; Defendant shall reply by 4/4/2022.

### STATEMENT

Homeland moves under Civil Rule 56(d) to deny or defer consideration of HCSC's motion for partial summary judgment on exhaustion. Doc. 221. Homeland argues that HCSC's motion should be denied because it seeks judgment on "what constitutes covered 'Loss,'" an issue that goes "beyond what is pled in Count Six (Exhaustion) of Homeland's Corrected Amended Complaint." Doc. 221-1 at 4, 6. Alternatively, Homeland asks the court to defer consideration of HCSC's motion because the issues it raises are premature. *Id*. at 9. Homeland also asks the court to allow it to amend its pleadings to add allegations related to "the issues of covered 'Loss' and actual exhaustion." *Id*. at 10.

Homeland's arguments fail because they are premised on an incorrect understanding of HCSC's motion. HCSC's motion asks the court to declare that, under the Homeland policy, "the Underlying Insurance [issued by Allied World and Travelers] may be properly exhausted through payment of Loss by the Underlying Insurers or by HCSC itself (or by another party on behalf of, or for the benefit, of the Insured)." Doc. 181 at 2. The issue that HCSC asks the court to determine is whether the underlying policies can be exhausted, in whole or in part, by payments made by HCSC itself, or whether the payments must be made solely by HCSC's underlying insurers. Contrary to Homeland's submission, HCSC does not seek a ruling about what constitutes a covered loss or whether "payments made under the Subscriber Settlement"—which both parties agree has not yet been finalized—"constitute covered 'Loss.'" Doc. 221-1 at 9. Accordingly, Homeland is wrong to argue that HCSC's motion is premature because it requires discovery that cannot yet be taken on whether payments under the Subscriber Settlement are covered losses. For the same reason, HCSC's motion provides no basis for Homeland to amend its pleadings to add allegations concerning what constitutes a covered loss.

Likewise unpersuasive is Homeland's argument that HCSC "has moved [for summary judgment] on issues not included in Count Six" of the operative complaint. *Ibid*. In Count Six, Homeland seeks a declaration that "Homeland has no obligation to pay unless and until the limits of the underlying policies are demonstrated to be exhausted through the actual payment for covered loss for covered entities." Doc. 59 at ¶ 99. Homeland characterizes its request as "carefully limited … to *how* underlying coverage could be exhausted." Doc. 221-1 at 4. HCSC's motion addresses "how underlying coverage could be exhausted," *i.e.*, whose payments count towards the exhaustion requirement. Moreover, Homeland's own motion for partial summary judgment on exhaustion, filed before HCSC's, first raised the "who can pay" issue by arguing that HCSC cannot show exhaustion without producing its settlement agreement with its underlying insurers, because only that document can prove that "Allied World—and no other entity—[] actually pa[id] its full $20 million in limits." Doc. 168-1 at 15-16; *see also* Doc. 248 at 12 (arguing that the Travelers policy "unambiguously requires that Allied World—and no other entity—actually pay its full $20 million in limits to trigger the next layer of insurance," and that, "[w]ithout the settlement agreement or proof of payment, it is impossible to confirm who paid the $20 million Allied World policy limit"); Doc. 261 at 15 (making the same argument). Homeland thus nonsensically maintains that HCSC may not move for summary judgment on an issue on which Homeland itself seeks summary judgment. The fact that the operative complaint does not cite the exhaustion provision on which HCSC relies is immaterial, as the complaint does not govern which policy provisions HCSC may invoke in defending against Homeland's claim.

Also unpersuasive is Homeland's submission that it is "improper" for HCSC to seek a ruling on the who-can-pay question "until HCSC submits proof that Homeland may have an obligation to pay *something*." Doc. 232 at 1-2. But it is Homeland, not HCSC, that brought this suit seeking a declaratory judgment that it has no coverage obligation until HCSC's underlying policies are exhausted even though HCSC had not requested coverage from Homeland. Doc. 59 at ¶¶ 97-99. As Homeland's filing of this suit recognizes, a party may seek declaratory relief so long as "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Amling v. Harrow Indus. LLC*, 943 F.3d 373, 377 (7th Cir. 2019) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)). It is clear from the parties' voluminous briefing on the who-can-pay issue that such a controversy exists. Docs. 168-1, 239, 248, 261. HCSC's motion is therefore justiciable.

Homeland's motion to defer or deny judgment on HCSC's motion for partial summary judgment on exhaustion accordingly is denied.

February 28, 2022

_____
United States District Judge